**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANET G. GOULET,

      Plaintiff,

vs.                                                        CASE NO.  3:06-cv-975-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Complaint (Doc. #1), seeking review of

the final decision of the Commissioner of Social Security of the Social Security

Administration (the Commissioner) denying her claim for disability insurance benefits (DIB).

Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the

case has been referred to the undersigned by an Order of Reference dated December 18,

2007 (Doc. #14).   The Commissioner has filed the Transcript of the proceedings

(hereinafter referred to as "Tr." followed by the appropriate page number).  For the reasons

set out herein, the decision is **REVERSED and the case is remanded for further**

**proceedings**.

## I. Procedural History

In the instant action, Plaintiff filed an Internet Social Security Benefit Application for

Disability Insurance Benefits on November 3, 2002 (Tr. 57-62).  Plaintiff initially alleged an

onset of disability on December 31, 2001, but amended her application to reflect a disability

onset as of September 9, 2002 (Tr. 61).  Plaintiff first alleged she was unable to work due

to deafness in the left ear, limited hearing in the right ear, high blood pressure, severe nausea, projectile vomiting and dizziness (vertigo) (Tr. 74-76).   When filing the Reconsideration Disability Report on September 25, 2003, Plaintiff also indicated she had developed severe migraine headaches almost weekly and had mental impairments consisting of a poor memory and an inability to concentrate when she had double-vision (Tr. 115-18).

After being denied initially and upon reconsideration, Plaintiff requested a hearing, which was held on June 14, 2005 in Jacksonville, Florida before administrative law judge (ALJ) James R. Russell (Tr. 459-90).  Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Mark Capps.  Plaintiff was represented by attorney Michael Sullivan at the administrative hearing.  On October 25, 2005, ALJ Russell issued a hearing decision denying Plaintiff's claim (Tr. 11-22).  The Appeals Council (AC) denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 5-8).

The instant complaint was filed in Federal Court on November 8, 2006 (Doc. #1) by Plaintiff's current counsel of record, Mr. Erik Berger, Esq.   The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs (Doc. #9, Plaintiff's brief and Doc. #10, Defendant's brief)[1] and the materials provided in the transcript of the underlying proceedings.

## II. Social Security Act Eligibility and the Standard of Review

Plaintiff is entitled to disability benefits when she is unable to engage in substantial

---

[1]Hereafter, the Court will identify Plaintiff's brief as "P's brief" and Defendant's brief as "D's brief."

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months.  20 C.F.R. § 404.1505.[2]  The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  The plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 127, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole,

---

[2]Unless otherwise specified, all references to 20 C.F.R. will be to the 2007 edition.

taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

### III. Analysis

Plaintiff Janet G. Goulet was born on October 31, 1955 (Tr. 57). Thus, she was forty-nine (49) years old when the ALJ issued his decision. The record reveals Plaintiff completed high school and one year of college (Tr. 91). She has a past relevant work history as a data entry clerk, collections clerk, merchandise stocker, accounts payable/payroll clerk and a convenience store clerk (Tr. 98-114).

Plaintiff raises a single issue on appeal. Plaintiff asserts the ALJ failed to properly evaluate her mental impairments and their impact on her ability to work. In this regard, Plaintiff claims the ALJ erred by not finding her mental impairments to be severe at Step 2 of the sequential evaluation process and improperly disregarding the medical opinions of two examining physicians and a treating physician. The Commissioner argues the ALJ's decision is supported by substantial evidence and was decided by the proper legal

standards.  The Court, however, finds the Commissioner's argument ignores the obvious

flaws in the ALJ's decision and such flaws require the case be remanded for

reconsideration.

**ALJ's Step Two Analysis**

*Mental Impairment Evaluation*

The ALJ's evaluation of Plaintiff's mental impairments is unclear.  At one point,  the

ALJ specifically found Plaintiff had an affective disorder which was "deemed to be

nonsevere in nature" (Tr. 16). However, he also found that the "claimant's hearing loss in

the left ear, headaches, vertigo and an affective disorder are considered "severe" based

on the requirements in the Regulations 20 CFR § 404.1520(c)." (Tr. 21, Finding No. 3.)

In the body of the decision the ALJ proceeded to evaluate Plaintiff's mental

impairments by rating Plaintiff's degree of function in the four functional areas set forth in

20 C.F.R. § 404.1520a(c)(3).  Here, the ALJ assessed Plaintiff to have "no restriction of

activities of daily living," "mild difficulties in maintaining social functioning," and "mild

difficulties in maintaining concentration, persistence or pace" (Tr. 20).  He further stated

Plaintiff had "no repeated episodes of decompensation, each of extended duration" (Tr. 20).

Subsection (d)(1) provides:

> If we rate the degree of your limitation in the first three functional areas
> as "none" or "mild" and "none" in the fourth area, we will generally conclude
> that your impairment(s) is not severe, unless the evidence otherwise
> indicates that there is more than a minimal limitation in your ability to do basic
> work activities (*see* § 404.1521).

20 C.F.R. 404.1520a(d)(1).  Following this guideline, it is conceivable for the ALJ to have

found Plaintiff's mental impairments were not severe under the Regulations.  It is also

conceivable for the ALJ to have found severe mental impairments, based upon review of the total evidence of record under the Eleventh Circuit standard enunciated in *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986) (stating the inquiry at Step two is a threshold inquiry where "only the most trivial impairments" would be rejected and finding "an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience").

What we have, however, is the ALJ's formal Finding No. 3, which directly contradicts his analysis and his statements in the body of the decision that clearly said Plaintiff had an affective disorder that was nonsevere in nature.  Obviously, findings that directly conflict can not both be based on substantial evidence.

When the Court can not discern the basis for the ALJ's decision, a sentence four remand is often appropriate to allow the ALJ to explain the basis for his decision.  *Falcon v. Heckler*, 732 F.2d 827, 830 (11th Cir. 1984).   Such is the case here.

**ALJ's Misstatement of the Record**

*Miscellaneous Errors*

The Court's independent review of the record as a whole, as required under *Bloodsworth v. Heckler*, 703 F.2d at 1239,  reveals the ALJ has misquoted or misconstrued the record on numerous points.  For example, the ALJ begins his evaluation of the evidence with the erroneous statement that the claimant "alleges she became disabled on October 28, 2002. . ." (Tr. 15).   In fact, the claimant completed an internet application for disability benefits that appears to have been printed on October 28,  2002, but in which she stated she became unable to work because of her disabling condition on December 31,

2001 (Tr. 57-60).  The application was filed November 3, 2002 (Tr. 60).

When referring to the Veterans Administration treatment records and those from the Naval Hospital in Jacksonville, the ALJ misstates another date and uses quotations that are not directly quoted in the source document.  The ALJ stated, "treatment records indicate that the claimant's vertigo is now well controlled with her medications as evidenced by specific reference in the treatment notes from February 4, 2003 stating that the claimant is 'feeling better' 'the medicine cured dizziness' and 'the patient is much better' (Exhibits 7F/7)" (Tr. 17).  However, the undersigned could not locate a medical record for February 4, 2003, but rather did locate treatment notes from February 11, 2003 at Exhibit 7F/7 (Tr. 215).  While the ALJ's quotations correctly paraphrase what is written in the treatment notes for that day, the quotations are inaccurate (*see* Tr. 215).  Further, taking this medical record out of context from those within the same time period, is somewhat misleading.  For example, during the July 10, 2003 visit to the same treating facility, Plaintiff complained of chronic vertigo with a history of falls, and in fact was again diagnosed with chronic vertigo, high blood pressure, migraine headaches and history of inner ear surgery (Tr. 213).

*Treating and Examining Source Statements*

The ALJ also found "[n]one of the claimant's treating or examining physicians have identified any specific job-related limitations in their treatment notes." (Tr. 17.)  However, review of the record reveals the attending physician at Shands Jacksonville hospital on November 14, 2001 recorded that a note needed to be faxed to work that Ms. Goulet would "need to be out at  present for 3 weeks" (Tr. 161).

The ALJ also finds "[t]here is nothing in the evidence of record to suggest that the claimant could not perform light work activities during her alleged period of disability." (Tr.

18.)  This statement wholly ignores the statements of primary care physician Dr. Curtis

Benson, M.D. and nurse practitioner Ann Mott, ARNP, who completed questionnaires to

the contrary (Tr. 209-12, 299-302).  Plus, the ALJ's finding is contrary to the finding of DDS

reviewing physician Dr. Donald Morford, M.D., who found Plaintiff limited to sedentary work

in his March 16, 2003 assessment (Tr. 182-89). This finding is also contrary to the stated

opinions of examining psychiatrist Dr. Anjali Pathak and examining psychologist Dr.

Nicholas Prewett (Tr. 446-56, 192-95).

The case law and the Regulations require the ALJ to give substantial weight to the

opinion, diagnosis and medical evidence of a treating physician, unless there is good cause

to do otherwise.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v.*

*Sullivan*, 937 F.2d 580,583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).   If a treating

physician's opinion on the nature and severity of a claimant's impairments is well-supported

by medically acceptable clinical and laboratory diagnostic techniques, and is not

inconsistent with the other substantial evidence in the record, the ALJ must give it

controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ must consider all medical opinion

evidence and weigh it taking into account the nature and extent of the relationship between

the claimant and the medical source.   20 C.F.R. § 404.1527(d).   Generally, an ALJ is

required to give more weight to the opinion of a source who has examined the claimant

than to the opinion of a source who has not.  20 C.F.R. § 404.1527(d)(1).  The ALJ may

consider a physician's medical specialty and decide to give more weight to the opinions of

physicians in their areas of medical expertise and specialty.  20 C.F.R. § 404.1527(d)(5).

While the ALJ may discredit the medical opinions of treating and examining

physicians, he is required to state specific reasons for doing so, particularly with regards

to the treating physicians' opinions. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004).  Although the special deference afforded the statements and/or opinions of treating physicians is not applicable to opinions arising out of a single consultative examination, all medical opinions must be considered in making a disability determination under the Social Security Act.  See *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. 404.1527(b) ("In deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). The United States Court of Appeals for the Eleventh Circuit has concluded "good cause" exists to discount a treating physician's opinion when: (1) the opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or, (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  *Id.*

The ALJ may not attempt to discredit the medical opinion evidence, and then find, by virtue of the remaining medical evidence, that "nothing in the evidence of record" supports the impairments and/or limitations set forth by the physicians the ALJ discredited. In *Baker v. Barnhart*, Case No. 03-C-2291, 2004 WL 2032316, N.D. Ill. Sept. 9, 2004, the court ordered the case be remanded to the Commissioner where the ALJ had misstated the record and failed to address the physical limitations found by the plaintiff's treating physician.  The Court finds that opinion to be persuasive, given the facts of this case.

### *Use of vocational expert at Step Four*

The Regulations specifically provide for the utilization of a vocational expert in making the determination of whether a claimant can return to past relevant work.  20 C.F.R. § 404.1560(b)(2) states:

> We will ask you for information about work you have done in the past.

We may also ask other people who know about your work. (See § 404.1565(b).) We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

In this case, the ALJ's decision reflects he relied heavily on the testimony of a vocational expert to determine Plaintiff could return to her past relevant work (Tr. 20). However, review of the hearing testimony and the ALJ's decision reveals there are marked differences between testimony attributed to the vocational expert and what he actually said.

The VE was present throughout the administrative hearing and heard Plaintiff's limited statements concerning her past work (Tr. 465-69). However, the VE had prepared a Vocational Expert Statement prior to attending the hearing and turned that document over to the ALJ at the beginning of his testimony (Tr. 488; 128-29). The VE identified Plaintiff's past relevant work as that of a collection clerk listed under DOT 241.357-020, a warehouse worker under DOT 922.687-058, a convenience store clerk under DOT 215.382-014, and as a data entry/secretary listed under DOT 203.582-054 (Tr. 128-29).[3]

The ALJ posited only two substantive questions to the vocational expert (*see* Tr.

_____

[3]The references to "DOT" are short form citations to the United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991).

489).  First, he asked, "Do any of these jobs (referring to the ones listed above) require concentrated exposure to unusual workplace hazardous, like, unprotected heights, open electrical, dangerous moving machinery?"  Second, the ALJ asked, "Would any of the jobs require climbing ropes, ladders and scaffolds?"

At the hearing the ALJ did not ask a hypothetical question in any form.  Nor did the ALJ state a residual functional capacity for the claimant.  In fact, during the course of the hearing, the ALJ's questioning of Plaintiff and the vocational expert was extremely brief.  At no point in the hearing did the ALJ refer to any limitations or impairments attributable to Plaintiff.

The vocational expert answered only the questions he was asked.  He did not testify that the positions he identified "would not be precluded by the above found residual functional capacity for light work" (Tr. 20).  There was no RFC stated at the hearing.  Nor did the VE "further" testify that "based upon the claimant's residual functional capacity for light work with the above noted non-exertional limitations, the claimant could return to her past relevant work as a data entry clerk/secretary, and a collections clerk" (Tr. 20).  Lastly, the vocational expert did not testify as to what past work Plaintiff could not return (*see* Tr. 20).  Given the lack of actual testimony, it is hard to accept the ALJ's finding that "[t]his credible testimony is accepted by the Administrative Law Judge and the claimant is found to be capable of her past work pursuant to Social Security Rulings 82-61 and 82-62." (Tr. 20.)

## IV. Conclusion

The Court is precluded from reweighing the evidence anew, but it is nonetheless obligated to review the record in its entirety.  *Foote*, 67 F.3d at 560.  The Court's

independent review reveals the record differs from the ALJ's factual findings in the above-mentioned instances. Thus, it is impossible to say the ALJ's decision is supported by substantial evidence.

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED**.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

Upon remand, the Commissioner shall reevaluate Plaintiff in accordance with the applicable Regulations and prevailing case law. It is the view of this Court that additional proceedings should be conducted in light of this Order and Opinion.

### V. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006); *compare* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 7<u>th</u>   day of March, 2008.


_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record