**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JANET G. GOULET,

    Plaintiff,

vs.                                                                     CASE NO. 3:06-cv-975-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## **O R D E R**

This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #17, Petition), filed May 8, 2008. Plaintiff's counsel requests an award of $2,344.68 in attorney fees and reimbursement of $350.00 in costs pursuant to the EAJA (Doc. #17 at 3). Plaintiff's counsel avers that he has contacted the U.S. Attorney's Office as counsel for Defendant and Defendant has no objection to either the "amount sought by Plaintiff's counsel" or the Court ordering payment of these monies directly to Plaintiff's counsel (Doc. #23 at 2). No opposition has otherwise been filed.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified.

Moreover, Plaintiff filed a timely application for attorney fees, nothing in the record indicates Plaintiff had a net worth of more than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust.  *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2.	The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $153.75 per hour for services provided in 2006, 2007 and 2008.  The Court has determined

that an hourly rate of $153.75 per hour is reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida to be compensated under the EAJA.[1]

3.  Plaintiff's counsel has requested any awarded EAJA fees be paid directly to him, rather than to Plaintiff (Doc. #17 at 3).  In support of this request, Plaintiff's counsel provided a copy of a document entitled "Plaintiff's Assignment of EAJA Fee" (Doc. #17 at 6).

Under Eleventh Circuit Court of Appeals case law, the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988).  In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA.  The recent decision of the Eleventh Circuit in *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute.  The *Reeves* court found the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736.  The *Reeves* court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a).  *Id.* at n.3; *see also* 31 C.F.R. § 285.5.

---

[1] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/research/data/us/calc/ (last visited June 24, 2008).

However, neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney. This Court will follow the common practice of other courts in our district by directing said payment to counsel when an assignment of benefits has been included with the counsel's petition. *Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (holding EAJA fees must be paid directly to Plaintiff's attorney when such request is made in the petition)*; Williams v. Comm. of Soc. Sec.*, No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Stoykor-Adams v. Astrue*, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Fricke v. Comm. of Soc. Sec.*, No. 6:07-cv-844-ORL-KRS, 2008 WL 450032, at *1 (M.D. Fla. Feb. 15, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff).

4. The Court thus finds that $2,344.68 ($153.75 x 15.25 hours in 2006, 2007 and 2008) is a reasonable amount for attorney fees in this case.

5. Plaintiff makes a claim for reimbursement costs incurred filing the complaint in this action. The Court finds that $350 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a). As the Plaintiff's Assignment of EAJA Fee contains no reference to assignment of reimbursable costs, Plaintiff's counsel is directed to reimburse Plaintiff the $350 filing fee incurred to initiate this litigation, unless said cost was advanced on Plaintiff's behalf pursuant to Fla. R. Prof. Conduct 4-1.8(e) (2006).

6. Plaintiff's counsel maintains that Defendant has no objection to the Court ordering the attorney fees be made payable directly to Plaintiff's counsel (Doc. #17 at 2).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. #17) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,344.68 for attorney fees and $350 for costs.

3. The request that the Court direct the payment of the fees be made to Mr. Erik W. Berger, Esquire is **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of June, 2008.

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record,
 and *pro se* parties, if any.