UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANET GOULET,

    Plaintiff,

vs.                                      CASE NO. 3:06-cv-975-J-TEM

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## **O R D E R**

This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #22, Petition), which was filed June 7, 2010. Plaintiff's counsel in this Social Security disability case, Mr. Erik W. Berger, Esq., seeks compensation under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in the case (Doc. #28-1, Exh. A). In this instance, Plaintiff's counsel requests this Court award $9,500 in attorney fees pursuant to 42 U.S.C. § 406(b), an amount which is reportedly slightly less than twenty-five percent of Plaintiff's past due benefits award (*see* Doc. #22-2 at 3). Plaintiff's counsel has advised that Defendant's counsel does not oppose the granting sought relief (Doc. #22 at 8). To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the Court's consideration.

***History of case*:**

Plaintiff filed for Disability Insurance Benefits (DIB) on November 3, 2002, asserting her disability began December 31, 2001 (Doc. #9 Plaintiff's Memorandum, at 1).[1] Mr. Berger began representation of Plaintiff in December of 2005, after the first administrative hearing had been held in the underlying proceedings and the Plaintiff had been denied disability benefits (Doc. #22 at 1). Mr. Berger filed for review of the ALJ's decision with the Appeals Council (AC) and filed a second application for DIB prior to the ruling of the AC. *Id.* The AC declined review in this case and Mr. Berger filed this appeal in federal court on November 8, 2006 (Doc. #1). The Court reversed the decision of the Commissioner and remanded the case under sentence four of 42 U.S.C. § 405(g), on March 7, 2008. *See* Docs. #15 and #16. Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff $2,344.68 in attorneys fees on June 30, 2008 (Doc. #18).

Subsequent to the sentence four remand, a number of supplemental hearings were held and Plaintiff was ultimately awarded Social Security disability benefits commencing March of 2003 (Doc. #22-2 at 1). Plaintiff's counsel advises he appeared and represented Plaintiff at three additional administrative hearings (Doc. #22 at 2). Plaintiff's Notice of Award was dated November 12, 2009 (Doc. #22-2, Exh. B). Plaintiff's counsel notified the Social Security Administration (SSA) that the information pertaining to attorney fees in this Notice of Award was in error, and has since attempted unsuccessfully to resolve those errors with the SSA (*see generally*, Doc. #22).

---

[1] As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Support of Plaintiff's Appeal of to the Commissioner's Decision (Doc. #9) and in the current Petition (Doc. #22).

Plaintiff was notified that her total past due benefits were $79, 479.40 and the SSA would withhold $6,000 from that amount to pay her attorney (Doc. #22-2 at 3). Plaintiff and Mr. Berger agreed to escrow $13,000 of Plaintiff's past due benefits, while Mr. Berger attempted to resolve the issue with the SSA and to file for the 406(b) fees from this Court (Doc. #22 at 4). Thereafter, but before filing this Petition, Mr. Berger refunded the $2,344.68 in EAJA fees to Plaintiff (Doc. #22 at 4). Plaintiff's counsel petitioned the presiding ALJ for administrative attorney fees, which were awarded in the amount of $6,000 for thirty and one-quarter (30.25) hours of work at the administrative level (Doc. #22 at 3-4).

Relevant to the instant motion is the contingent fee agreement Plaintiff entered into with attorney Erik W. Berger on November 15, 2007. Terms of the fee agreement specify in relevant part:

> If the claim(s) is denied by the ALJ and an appeal is filed by my attorney, and the claim is awarded following that appeal I agree to pay the greater of a fee of 25% of my past due benefits, even if that amount is greater than the maximum amount allowable by law under 42 USCA Section 406 (a) at the time of the decision (currently the maximum amount is $5,300.00)or such amount as the Attorney was able to obtain pursuant to the Equal Access to Justice Act (EAJA). In that event, my Attorney would be required to submit a petition for fees to the Social Security Administration and/or Federal Court and a copy of same will be sent to client.

(Doc. #22-1, Exh. A).

*Analysis*

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded. Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such

3

arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits). In this action, Plaintiff's counsel made a claim for EAJA fees, which were awarded and directed to Plaintiff's counsel by assignment (*see* Docs. #18, #19), but later were returned to the Plaintiff (Doc. #22 at 4).

The *Gisbrecht* Court said downward adjustments in § 406(b) fees may be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. 535 U.S. at at 808. Here, Plaintiff's counsel has stated 15.25 hours were spent representing Plaintiff in the federal court action (see Doc. #17). Having

4

reviewed the record, the Court finds the requested fee of $9,500 to be reasonable in relation to the amount of time spent on the case.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions. In eight of those cases the attorneys had requested fees which were less than twenty-five percent of the awarded benefits and the courts had approved those requests. *Id.* at 1168-71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning. *Id.* In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation. *Id.*

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a social security case, reveals as follows:

1. Social Security is the primary area of counsel's law practice.

2. Counsel began representing Plaintiff while the case was at the administrative level. Counsel filed a fourteen (14) page memorandum of law in support of Plaintiff's position. The memorandum ultimately was persuasive to the sentence four remand of the case.

3. The record available to the Court does not evidence any delays caused by Plaintiff's counsel. Indeed, although the length of time from the filing of the initial

5

application to the ultimate resolution is extensive, the time line of events in this case suggests that no unreasonable delays occurred.

4. Counsel reportedly spent 45.50 hours working on the case, 30.25 hours in the administrative phases and 15.25 hours in proceedings before the district court, an amount of time the Court considers reasonable based on the complexity of the case.

5. Counsel always are accepting some risk in taking Social Security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6. As stated above, counsel's normal hourly rate for cases of a non-contingency nature is in line with the established a baseline figure of $250 per hour for Social Security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of Social Security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a total fee award for federal court representation of more than $9,531.25. Notably, the sought fee is less than this amount and Defendant has not opposed the sought fee.

### *Conclusion*

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*. The Amended Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #22) is **GRANTED**. Plaintiff's counsel is directed to transfer the $9,500 from the escrowed Trust account to his Operating account, as per his request, and to refund the balance of $3,500 from the past due benefits held in the

escrowed Trust account to Plaintiff, as soon as practicable, but no later than ten (10) days from the date of this order.

The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of July, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any